UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § <br> **VENTECH ENGINEERS LP et al.,** § <br> § <br> Debtors,[1] § <br> _____ § <br> **RODNEY D. TOW, CHAPTER 7** § <br> **TRUSTEE FOR THE ESTATE OF** § <br> **VENTECH ENGINEERS** § <br> **INTERNATIONAL, LLC,** § <br> § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> § <br> **2015 Shopping Mall Business, LLC,** § <br> § <br> **Defendant.** § <br> § | | **Case No. 17-33203** <br><br> **Jointly Administered** <br><br><br> **Adversary No. 19 -_____** |

**TRUSTEE'S COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS**

Plaintiff Rodney D. Tow (the "Plaintiff" or "Trustee"), Chapter 7 Trustee for the Estate of Ventech Engineers International LLC ("Ventech" or "Debtor"), as Plaintiff in the above-captioned adversary proceeding, alleges the following upon knowledge, information, and belief:

---

[1] The names of the debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ventech Engineers L.P. (0943); Ventech Engineers LLC (7644); Ventech Fabrication Services LLC (6482); Ventech Engineers International LLC (5030); Ventech Energy LLC (1829); Ventech Engineers North America LLC (7325); Ventech Engineers USA LLC (7499); Ventech Vessel Fabricators LLC (6525); Ventech Global Projects, Inc. (9146); Ventech International Projects LLC (2187); Ventech Global Construction, LLC (0736); Ventech Modular Fabricators LLC (2960); Ventech Refining Solutions LLC (6454); Ventech Plant Constructors LLC (5107); Ventech Engineers & Fabricators, LLC (2106); Ventech Industrial Contractors, LLC (6482); Ventech XTL LLC (2500); and Ventech XTL Oklahoma City LLC (5549).

## Jurisdiction and Venue

1. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case, *In re Ventech Engineers International LLC*, Case No. 17-33210 (Bankr. S.D. Tex. [Houston Div.]).

2. This bankruptcy case is jointly administered under the bankruptcy case styled as *In re Ventech Engineers, L.P. et al.*, Case No. 17-33203 (Bankr. S.D. Tex., [Houston Div.]).

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, or relates to the Debtor's Chapter 7 case.

4. This proceeding is "core." 28 U.S.C. § 157(b)(2).

5. Under Federal Rule of Bankruptcy Procedure 7008, the Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

6. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

7. Venue is proper under 28 U.S.C. § 1409(a).

8. The statutory bases for this complaint are §§ 547, 550, and 502(d) of the Bankruptcy Code.

## Parties

9. Plaintiff is Rodney D. Tow, the duly authorized and acting Chapter 7 trustee of Ventech's estate.

10. Defendant 2015 Shopping Mall Business, LLC is a Texas limited-liability company. The Defendant may be served under Federal Rule of Bankruptcy Procedure 7004(b)(3) by mailing a copy of the summons and complaint to its registered agent for service of process, John Quinlan, 22310 Grand Corner Dr., Suite 140, Katy, TX 77494.

**Factual Background**

11. On May 26, 2017 ("Petition Date"), Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code which is jointly administered with the above-referenced chapter 7 case.

12. The Court appointed Rodney D. Tow Chapter 7 trustee for Debtor's estate on May 30, 2017.

13. Prior to the Petition Date, the Debtor maintained business relationships with various business entities—including vendors, creditors, and suppliers—and regularly received goods and services in support of its operations.

14. During the 90-day period before the Petition Date (that is between February 25, 2017 and May 26, 2017) (the "Preference Period"), the Debtor continued to operate certain aspects of its business affairs, including the transfer of property either by check, cashier's check, wire transfers, or otherwise to various entities.

15. On or about March 23, 2017, Debtor transferred $4,105.66 to the Defendant (the "March 23 Transfer").  The March 23 Transfer was made during the Preference Period. The March 23 Transfer was made on account of the following antecedent debt:

| Invoice Number | Appx. Invoice Date | Amount |
| --- | --- | --- |
| 1001-IN | 03/01/2017 | $4,105.66 |

16. On or about April 6, 2017, Debtor transferred $4,105.66 to the Defendant (the "April 6 Transfer"). The April 6 Transfer was made during the Preference Period. The April 6 Transfer was made on account of the following antecedent debt:

| Invoice Number | Appx. Invoice Date | Amount |
| --- | --- | --- |
| 1001-IN | 04/01/2017 | $4,105.66 |

17. On or around May 4, 2017, Debtor transferred $4,105.66 to Defendant (the "May 4 Transfer," together with the above transfers, the "Transfer"). The May 4 Transfer was made during the Preference Period. The May 4 Transfer was made on account of the following antecedent debt:

| Invoice Number | Appx. Invoice Date | Amount |
|---|---|---|
| 1001-IN | 05/04/2017 | $4,105.66 |

18. As a recipient of the Transfer, Defendant is liable in the amount of $12,316.98:

| | |
|---|---|
| March 23 Transfer | $4,105.66 |
| April 6 Transfer | $4,105.66 |
| May 4 Transfer | $4,105.66 |
| **Total Liability**: | $12,316.98 |

### Count One
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

19. The Trustee repeats and re-alleges the above paragraphs as if fully set forth herein.

20. Section 547(b) of the Bankruptcy Code authorizes a debtor, or a party acting on behalf of the estate, to avoid a transfer of any interest in the debtor's property, (a) to, or for the benefit of, a creditor, (b) for or on account of an antecedent debt owed by the debtor before the transfer was made, (c) made while the debtor was insolvent, (d) made within 90 days before the petition date; (e) that enables the creditor to receive more than it would receive had (i) the transfer not been made; and (ii) the creditor received payment of the debt to the extent provided by the Bankruptcy Code.

21. The Transfer was a transfer of an interest in property of the Debtor.

22. The Transfer was made on account of an antecedent debt owed by the Debtor before the Transfer was made, as further detailed above.

23. During the Preference Period, the Debtor made the Transfer to or for the benefit of the Defendant.

24. The Transfer was made within 90 days before the Petition Date.

25. At the time of the Transfer, the Debtor was, or was presumed to be, insolvent.

26. The Transfer enabled the Defendant to receive a greater recovery on the antecedent debt than Defendant would have received had the Transfer not been made and the Defendant received payment of the antecedent debts to the extent provided by the Bankruptcy Code.

27. The Defendant has not repaid all or a part of the value of the Transfer.

28. Therefore, the Transfer is an avoidable preference under § 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

29. The Trustee repeats and re-alleges paragraphs 1 through 26 hereof, as if fully set forth herein.

30. Section 550 of the Bankruptcy Code provides that if a transfer is avoided under § 547 of the Bankruptcy Code, the Trustee may recover the property or the value of the property transferred from the initial transferee, the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee.

31. The Defendant is the initial transferee for whose benefit the Transfer was made.

32. The Transfer or the value of the Transfer that is avoidable under § 547(b) of the Bankruptcy Code is therefore recoverable for the estate under § 550 of the Bankruptcy Code.

## COUNT THREE
### (Disallowance of Defendant's Claim Pursuant to 11 U.S.C. § 502(d))

33. The Trustee repeats and re-alleges paragraphs 1 through 30 hereof, as if fully set forth herein.

34. The Defendant is an entity from which property is recoverable under § 550 of the Bankruptcy Code or is a transferee of transfers avoidable under section 547 of the Bankruptcy Code.

35. The Defendant has not paid the amount or turned over any property transferred for which Defendant is liable under § 550 of the Bankruptcy Code.

36. Any filed or scheduled claim held by the Defendant is disallowed until Defendant pays in full or returns the property for which it is liable under § 550 of the Bankruptcy Code.

## PRAYER

**WHEREFORE**, the Trustee demands judgment against the Defendant:

A. Determining that the Transfer is avoidable as a preferential transfer under 11 U.S.C. § 547(b) and that the Trustee entitled to recover the value of the Transfer under 11 U.S.C. § 550(a).

B. Directing the Defendant to pay the Trustee the value of the Transfer in the amount determined at trial, but not less than the amount set forth above, plus interest and costs of suit under 11 U.S.C. § 550(a).

C. Disallowing any Claim of the Defendant until the Transfer is repaid to the Debtor under 11 U.S.C. § 502(d).

D. For such other and further relief as the Court deems just and proper.

Dated: May 24, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

By:  /s/ Charles M. Rubio
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Brian Raymond Hogue
TBA No. 24094725
bhogue@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
*Counsel to Chapter 7 Trustee Rodney D. Tow*